The Chancellor.
The questions to be decided on the final hearing of this cause will be, 1st. Whether the judgment by virtue of which an execution has been issued and levied on the farm of the complainant ever was a lien thereon; 2d. If it ever was a lien, whether the plaintiff in that judgment, by releasing other lands of the defendants therein, relieved the complainant’s farm from the lien of the judgment; and, 8d. Whether certain monies received by the plaintiff in the judgment, on a draft on third *593 persons given by the defendants in the judgment to the plaintiff therein, as collateral security for prior judgments he held hy assignment, should not bo applied towards satisfaction of the judgment and execution on which the complainant’s farm was advertised to be sold; the amount of the judgments for which said draft was given as collateral having been made by sheriff’s sale out of other property of the defendants in the judgments, and the money due on the draft being subsequently received by the assignee of said judgments.
The facts stated in the hill present these questions. To dissolve the injunction and permit the complainant’s farm to be sold under this judgment, at sheriff’s sale, to the highest bidder, while a serious question is pending here whether it can be sold at all under the judgment, would be indiscreet.
The injunction will be retained until the hearing.
The motion to dissolve the injunction is denied.
Costs to abide the event.
Order accordingly.